# EXHIBIT 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

LUCILLE HANSEN,

*Plaintiff,*

-against-

CAPITAL ONE BANK (USA), N.A.,

*Defendant.*

**SUMMONS WITH NOTICE**

To the Entity Named as Defendant Above:

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving notice of appearance on the Plaintiff at the address of Plaintiff's counsel, via the NYSCEF system, within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED** that should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: March 18, 2026
New York, NY

***/s/ Adam G. Singer***
**LAW OFFICE OF ADAM G. SINGER, PLLC**
One Grand Central Place
60 E. 42nd Street, Suite 4600
New York, NY 10165
212.842.2428
asinger@adamsingerlaw.com

*Counsel for Plaintiff Lucille Hansen*

**Defendant's Address:**
Capital One Bank (USA), N.A. - 1680 Capital One Drive, 7th Floor, Mclean, VA 22102

**Notice: The nature of this action is:**

Defendant Capital One Bank (USA), N.A. ("Capital One") violated the law, including the following provisions:

- 15 U.S.C. § 1681s-2(b)

Those violations include the following conduct by Defendant:

- failing, after receiving notice from consumer reporting agencies that Plaintiff had disputed information furnished by Defendant(s), to conduct reasonable investigations of the disputed information; and
- failing, after being unable to verify the disputed information, to modify, delete, or permanently block reporting of the disputed information.

As a consequence of the Defendant's violations, Plaintiff has suffered pecuniary and non-pecuniary harm.

**The relief sought is:**

- Actual damages for both economic and emotional harm in an amount exceeding $25,000, and to be determined by the trier of fact,
- $1,000 in statutory damages per violation,
- punitive damages in an amount to be determined by the trier of fact,
- litigation costs and expenses, and
- reasonable attorney's fees.

Should the Defendant fail to appear herein, judgment will be entered by default for the sum of $500,000.00, with interest to run from March 18, 2026.

**Jury Trial:** Plaintiff demands a jury trial on all issues so triable.

**Venue:** Plaintiff designates New York County as the place of trial. The basis of this designation is that Plaintiff resides in New York County at 615 East 14th Street, Apartment 3C, New York, NY 10009-3213.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

LUCILLE HANSEN,

*Plaintiff,*

-against-

CAPITAL ONE BANK (USA), N.A.,

*Defendants.*

**Case No. 153436/2026**

**COMPLAINT**

**JURY TRIAL DEMANDED**

By and through the undersigned counsel, Plaintiff Lucille Hansen ("Plaintiff"), with knowledge as to her own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this civil rights action against Defendant Capital One Bank (USA), N.A. ("Capital One," or "Defendant"), to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this fee-shifting action.
2. In 1970, Congress passed the FCRA and enshrined within it the "need to insure . . . fairness, impartiality, and a respect for the consumer's right to privacy" in the consumer reporting industry. FCRA § 1681(a)(4).
3. "A credit report can determine everything from whether a person can secure a credit card, purchase a home, win a new job, or start a small business. Recognizing the importance of accuracy in credit reporting, Congress adopted the Fair Credit Reporting Act in 1970 (FCRA)." *Dep't. of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 US 42, 45 (2024).

4. The purpose of the FCRA is "to require . . . reasonable procedures for [reporting information] in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information . . . ." Section 1681(b) (emphasis added). *See Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) (observing that the purpose of the FCRA is to address the "serious problem in the credit reporting industry . . . of inaccurate or misleading information"); *Porter v. Talbot Perkins Children's Servs.*, 355 F. Supp. 174, 176 (S.D.N.Y. 1973) (stating that "[t]he purpose of the Fair Credit Reporting Act is to protect an individual from inaccurate or arbitrary information about [that individual from appearing] in a consumer report . . . .") (citing 116 Cong. Rec. 36572 (1970)).

5. The public policy objectives underlying the FCRA remain relevant and compelling today as ever. As recently as October of 2022, Congress recognized continued systemic "failures to efficiently respond to and resolve credit reporting inaccuracies raised by consumers."[1]

6. The bipartisan subcommittee's investigation found "longstanding problems with industry practices for responding to consumers who challenge credit report errors."[2]

7. The congressional subcommittee found that "data furnishers" like Capital One often conduct pro forma, perfunctory investigations, ignoring consumer-submitted documents and information."[3] Such investigations are 'insufficient' under the FCRA [4]

---

[1] *Select Subcommittee Requests CFPB Review After Investigation Finds Nation's Top Credit Bureaus Failed to Address Errors in Consumer Credit Reports, Press Release*, 117th Congress (Oct. 14, 2022), https://coronavirus.house.gov/news/press-releases/clyburn-cfpb-chopra-equifax-experian-transunion.
[2] *Id.*
[3] *Letter from Chairman Clyburn to the Consumer Financial Protection Bureau*, 5, 117th Congress (Oct. 13, 2022), https://coronavirus-democrats-oversight.house.gov/sites/evo-subsites/coronavirus-democrats-oversight.house.gov/files/2022.10.13%20Clyburn%20to%20CFPB%20re%20Credit%20Reporting.pdf.
[4] *Select Subcommittee Requests CFPB Review After Investigation Finds Nation's Top Credit Bureaus Failed to Address Errors in Consumer Credit Reports, Press Release, supra*, (citing *Automated Injustice Redux, Ten Years after a Key Report, Consumers Are Still Frustrated Trying to Fix Credit Report Errors*, National Consumer Law Center (February 2019), http://www.nclc.org/wp-content/uploads/2022/08/automated-injustice-redux.pdf.)

8. Plaintiff's experience typifies Congress's findings. A victim of identity theft, Plaintiff disputed (a) fraudulent credit card account(s) from Capital One (the "Capital One Account(s)") that was (were) reporting on her credit reports. In response to Plaintiff's disputes, Capital One verified the accuracy of the Capital One Account(s). Capital One did so despite the "Red Flags"[5] associated with the Capital One Account(s) (as the term is defined by the FTC).

9. Capital One thereby willfully violated the FCRA, denying Plaintiff's rights under that statute.

10. Congress's recent findings regarding consumer damages echo what juries and courts have long found in individual cases: FCRA violations can have "serious, long-term consequences for consumers, such as blocking access to permanent housing or preventing small businesses from obtaining much-needed lines of credit."[6]

11. Consumers like Plaintiff "are experiencing no small measure of stress, frustration, and financial hardship as a result of [] failure[s] to correct legitimate errors on their credit reports."[7]

12. As recounted below, Plaintiff suffered extensively as a result of Defendant's violations of her consumer rights under the FCRA.

---

[5] *See* FTC Red Flags Rule, 12 C.F.R. §§ 41.90-92, 222.90-91, 334.90-91, 364.100-01, 717.90-91, and 16 C.F.R. § 681.1-2).
[6] *Select Subcommittee Launches Investigation Into Credit Reporting Failures During Pandemic, Press Release*, 117th Congress (May 25, 2022).
[7] *Letter from Chairman Clyburn to the Consumer Financial Protection Bureau*, 7, 117th Congress (Oct. 13, 2022), https://coronavirus-democrats-oversight.house.gov/sites/evo-subsites/coronavirus-democrats-oversight.house.gov/files/2022.10.13%20Clyburn%20to%20CFPB%20re%20Credit%20Reporting.pdf.

## Summary of Plaintiff's Claims Against Defendant Pursuant to <u>The Fair Credit Reporting Act</u>

13. Based on acts and omissions described more fully below in the Statement of Facts, Capital One is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:
    a. failing to conduct reasonable investigations of Plaintiff's disputes of the Capital One Account(s) reporting on Plaintiff's credit reports after Capital One received notice of Plaintiff's disputes from consumer reporting agencies;
    b. failing to review all relevant information provided to Capital One by consumer reporting agencies, or otherwise in the possession of Capital One, concerning Plaintiff's disputes of the fraudulent Capital One Account(s), including but not limited to all applicable "Red Flags" (as the term is defined by the FTC); and
    c. failing to promptly modify, delete, or permanently block any and all information about the disputed Capital One Account(s) that Capital One, had it conducted reasonable investigations of Plaintiff's disputes, could not have affirmatively verified as accurate.
14. As a direct and proximate result of Capital One's violations of the FCRA recounted above, and as further described herein, Plaintiff suffered cognizable actual damages.

## <u>Jurisdiction and Venue</u>

15. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p).
16. Venue is proper in this Court under New York Civil Practice Law and Rules ("CPLR") § 503 because Plaintiff resides in New York County, New York.

## The Parties

17. Plaintiff Lucille Hansen is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)). Plaintiff resides in New York County, New York.

18. Defendant Capital One is a national association and is a furnisher within the meaning of the FCRA (12 CFR § 1022.41(c)).

## Statement of Facts

*Plaintiff's Disputes*

1. The fraudulent Capital One Account(s) appeared in Plaintiff's credit reports from Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") (together, Equifax, Experian, and Trans Union are "the CRAs").

2. Plaintiff sent one or more disputes to the CRAs in or around January of 2024, February of 2024, June of 2024, July of 2024, and August of 2024.

3. One or more of the Disputes included the following:

    a. detailed explanations about what information was inaccurate;

    b. documentation confirming Plaintiff's identification;

    c. Identity Theft Reports filed with the FTC dated on or about February 12, 2024 and June 1, 2024, and July 18, 2024;

    d. information about the arrest and prosecution of the alleged identity theft perpetrator, Georgianna Buffolino, including a letter from the New York County District Attorney's Office concerning Plaintiff's assistance in providing facts used in the misdemeanor complaint for a criminal case against Georgianna Buffolino, whom Plaintiff identified as the alleged identity theft perpetrator in one or more disputes.

4. In one or more of these dispute letters, Plaintiff detailed the false reporting, asked that the fraudulent Capital One Account(s) and other fraudulent accounts and information be deleted, and attached a police report, her driver's license, her social security card, and her proof of address.

5. Even though the vast majority of the furnishers deleted the fraudulent accounts from Plaintiff's credit reports on or about February 2024, one furnisher in particular – Capital One – doggedly continued to report the account even though it was the product of identity theft and/or fraud, even demanding the reinsertion of the account on Plaintiff's reports despite the overwhelming evidence of fraud, and one or more CRAs continued to report that seriously derogatory account.

*Defendant's Responses to Plaintiff's Disputes*

6. Upon information and belief, Capital One, upon receiving notice of a dispute from at least one consumer reporting agency, failed to conduct a reasonable investigation of the disputed Capital One Account(s) and verified the accuracy of the Capital One Account(s) to that consumer reporting agency.

7. Upon information and belief, in response to one or more of Plaintiff's FCRA disputes, Capital One told one or more of the CRAs that the Capital One Account(s) was (were) legitimate and not fraudulent.

8. In or around March of 2024, one or more of the CRAs, after apparently having deleted the disputed Capital One Account(s), reinserted the account(s), verified the accuracy of the account(s), and were still reporting the account(s) on Plaintiff's credit reports.

9. In or around February of 2024, Capital One informed Plaintiff that Plaintiff was responsible for the Capital One Account(s) and the charges in question.

10. Defendant failed to comply with its obligations pursuant to § 1681s-2(b) of the FCRA in response to Plaintiff's disputes.

*Damages*

11. As a result of Defendant's misconduct, Plaintiff suffered known and unknown credit damages, including the publication of Plaintiff's information to third parties.
12. Those pecuniary damages include, but are not necessarily limited to, credit harm related to one or more mortgage and credit card applications.
13. At all times pertinent hereto, the conduct of Defendant as well as its respective agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.
14. As a direct and proximate result of the willful and negligent actions, conduct, and omissions of Defendant, Plaintiff suffered cognizable actual damages (both pecuniary and non-pecuniary), including but not limited to emotional distress, anxiety, frustration, humiliation, embarrassment, and damage to Plaintiff's reputation for creditworthiness.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY DEFENDANT**

15. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.
16. Based on the facts alleged in this Complaint, Defendant violated FCRA § 1681s-2(b) by its acts and omissions.
17. Due to these violations of § 1681s-2(b) by Defendant, Plaintiff suffered actual damages, including but not limited to damage to her reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.
18. These violations of § 1681s-2(b) were willful, rendering Defendant liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount

to be determined by the Court pursuant to 15 U.S.C. § 1681n.

19. In the alternative, Defendant was negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant:

1. Awarding against Defendant actual damages, statutory damages, punitive damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o; and
2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to CPLR § 4102 (as well as Federal Rule of Civil Procedure 38), Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Adam G. Singer*
**LAW OFFICE OF ADAM G. SINGER, PLLC**
One Grand Central Place
60 E. 42nd Street, Suite 4600
New York, NY 10165
212.842.2428
asinger@adamsingerlaw.com

*Counsel for Plaintiff Lucille Hansen*